**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  11-62484-CIV-SEITZ/SIMONTON**

PRAGMATUS AV, LLC,

        Plaintiff,

vs.

CITRIX SYSTEMS, INC.,

        Defendant.

_____/

**PROTECTIVE ORDER**

        Based upon the Parties' Joint Notice (DE # 49), and a review of the record, the Court issues this Protective Order to address the confidentiality of certain materials and facilitate disclosure and production of such materials under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

        In support of this Order, the Court finds that:

1.        Documents or information containing confidential proprietary personal and business information and/or trade secrets ("Highly Confidential Information") that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation.

2.        The parties to this litigation may assert that public dissemination and disclosure of Highly Confidential Information could severely injure or damage the party disclosing or producing the Highly Confidential Information and could place that party at a competitive disadvantage;

3.        Counsel for the party or parties receiving Highly Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Highly Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Highly Confidential Information; and

1

4.      To protect the respective interests of the parties and to facilitate the progress of disclosure

and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

1.      **Highly Confidential Information**.  Documents or discovery responses containing

Highly Confidential Information disclosed or produced by any party in this litigation are referred

to as "Highly Confidential Information."

A.      All information, documents or tangible items to be produced in tangible form that

the producing party wishes to designate as Highly Confidential Information must, prior to

production to the receiving party, be labeled on each page by the producing party with the

legend: HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS'

EYES ONLY – SUBJECT TO PROTECTIVE ORDER.

B.      All documents and information to be disclosed initially for inspection (such as for

selection of materials for copying and production) that the producing party wishes to

designate as Highly Confidential Information must, prior to such disclosure, be specified

in a writing provided to the receiving party (or orally, if followed by the necessary

writing) that identifies the specified documents and/or information as Highly Confidential

Information.

C.      All information to be disclosed orally (such as at a deposition) shall be

automatically designated as Highly Confidential Information and the transcript shall

automatically be designated as a Highly Confidential Information for a period of thirty

(30) days from the date the deposition transcript becomes available.  Thereafter, the

information contained in the deposition transcript will no longer be deemed Highly

Confidential Information and the transcript will no longer be deemed Highly Confidential

Information unless: (1) in a writing sent to counsel for the receiving party before the

expiration of the thirty-day period, counsel for the producing party claims in good faith

that the deposition transcript (or a specified portion of it) contains Highly Confidential

Information; or (2) at the deposition, counsel for the producing party stated on the record that certain portions of the deposition transcript will contain Highly Confidential Information.

2.      **Confidential Treatment**.  Documents or information containing Highly Confidential Information shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.  Highly Confidential Information shall be used solely for the prosecution of this litigation.  Individuals receiving Highly Confidential Information shall not under any circumstances sell, offer for sale, advertise, or publicize Highly Confidential Information

3.      **Restriction On Use Of Highly Confidential Information**.  Highly Confidential Information is entitled to Confidential Treatment and access to Highly Confidential Information shall be strictly limited to the following persons as follows:

A.      *Outside Counsel*.  Members and employees of outside counsel of record in this action, their support staff, and in-house copying services whose duties and responsibilities require access to such materials.

B.      *Experts and Consultants*.  Outside experts or consultants for the receiving party and their supporting personnel, who have not been for the prior year and are not employees of a receiving party or any affiliated company or business and who are retained in connection with the disputes between or among the parties to this litigation, but only after compliance with Paragraph 3B(1)-(4), below.

(1)      Before a party can disclose Highly Confidential Information to an actual or potential expert or consultant, the party wishing to disclose Highly Confidential Information must provide written notice for same-day delivery to all counsel no less than ten (10) business days prior to any disclosure of the Highly Confidential Information.  The written notice shall contain the name, title, business address, present occupation (or job description), past and present business relationships with the party retaining them or other party to the litigation, curriculum vitae of

the person to whom the information will be disclosed, a list of all instances in which, during the last four (4) years, the expert or consultant provided consulting services (regardless of whether the purpose of the consultancy was litigation), was retained as an expert, and/or testified at trial or deposition, and an undertaking in the form of Exhibit A, signed by that person (such original signed document to be kept by the party retaining such person).  In the event such proposed expert or consultant is prohibited due to confidentiality obligations to a third party from disclosing a present or prior employment or consultancy, the expert or consultant shall so state and shall disclose such information as the expert or consultant is permitted to provide regarding the nature of the employment or consultancy (such as the industry or technology involved in the employment or consultancy; whether the employment or consultancy was for a competitor of a party or like information) to enable, to the extent possible, the other party to determine whether or not to object to the expert or consultant.

(2)      If, within ten (10) business days after receipt of the notice of intent to disclose set forth in Paragraph 3B(1), counsel for the party producing the Highly Confidential Information does not object to the disclosure, any Highly Confidential Information designated by the producing party may be disclosed to the designated person.  Failure to object within the ten (10) day period shall be deemed approval, but shall not preclude a producing party from objecting to continued access to Highly Confidential Information by that person where facts suggesting a basis for objection are subsequently learned by the producing party or its counsel.  If within ten (10) business days of receipt of the notice of intent to disclose set forth in Paragraph 3B(1), counsel for the party producing the Highly Confidential Information objects to such intended disclosure of documents and/or information designated as Highly Confidential Information by the producing party shall not be disclosed until such objection is resolved by agreement of the parties,

by a ruling of a Court or as otherwise set forth below.

(3)      Counsel's objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing and served on all parties to the action within the ten (10) day period.  The parties shall meet and confer in an attempt to resolve the dispute within ten (10) business days from the date of mailing or electronic delivery of the objection.  If the parties cannot resolve the dispute, the party wishing to retain the expert or consultant may move the Court (in accordance with any applicable standing orders or local rules) for an order that access to Highly Confidential Information be granted to the designated person. Such motion shall be made within fifteen (15) business days of the mailing or electronic delivery of the objection.  If the parties cannot resolve the dispute and the party wishing to retain to retain the expert or consultant does not make such a motion within fifteen (15) business days of the mailing or electronic delivery of the objection, the Highly Confidential Information shall not be disclosed to the designated person.

C.      Notwithstanding the above requirements, any proposed expert or consultant for the disclosing party who has worked for the receiving party in previous litigation shall not be retained in this litigation as an expert or consultant against the receiving party.

D.      ***Mock Jurors and Jury Consultants***.  Notwithstanding any other provision in Paragraph 3B, disclosure of Highly Confidential Information to mock jurors or jury consultants may be made after the party retaining the mock jurors or jury consultant obtains a completed and signed undertaking from each mock juror or jury consultant in the form of Exhibit A attached hereto without any requirement that written notice or a *curriculum vitae* be provide to the producing party.  The party need not disclose the identity of mock jurors or jury consultants, or any other information pertaining to these individuals, to the producing party.

E.      ***Trial Graphics***.  Non-technical trial consultants and graphics or design firms,

including support personnel, retained by a party for the purpose of preparing demonstrative or other exhibits provided that the disclosure of Highly Confidential Information to any such consultant or firm shall be made only after the party retaining the consultant or firm obtains a completed and signed undertaking from such consultant or firm in the form of Exhibit A attached hereto;

F.      *Document Vendors*.  Document printing or copying services and/or document coding or computerization services which are not located within the offices of outside counsel.  Notwithstanding any other provision of this Protective Order, access to Highly Confidential Information shall be permitted to such vendors, without the requirement of a signed undertaking in form of Exhibit A.  Term "document" as used herein refers to paper documents, electronically stored information, including but not limited to video tapes, CD-ROMs, computer discs, other similar media, models, and similar physical renderings of Virtual Private Networks of the parties.  The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing;

G.      *Court Reporters and Videographers* employed in connection with this litigation. Any court reporter, transcriber or videographer who reports, transcribes or records testimony in this action shall agree that all information designated Highly Confidential Information under this Order shall be given Confidential Treatment and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record in accordance with the terms of this Order;

H.      *The Court* and its authorized personnel; and

I.      *Authors and Senders*.  Those individuals for whom a party has a good faith belief are the authors, senders, addressees or intended copy recipients of such Highly Confidential Information as well as employees of the producing party.

J.      ***Exception: Prosecution Bar.***  Notwithstanding any provision of this Order, every person who receives information designated as Highly Confidential Information or Highly Confidential Code under this Order is precluded from preparing or prosecuting, or supervising the preparation or prosecution of, or providing (verbally or in tangible form, in whole or in part) Highly Confidential Information or Highly Confidential Code received under this Order to any person involved in preparing or prosecuting, or supervising the preparation or prosecution of, any patent applications, reissue proceedings, or reexamination proceedings with the United States Patent and Trademark Office ("USPTO") or any similar proceedings in any other country, involving any patent or patent application having claims or disclosures related to methods, procedures, or devices that concern networked, online, computer conferencing systems for collaborative online conferencing or webcasting.  This preclusion is limited to proceedings involving patents and patent applications having an effective filing date before this action, during this action, or within one (1) year after the termination of this action.

K.      ***Exception: Development Bar.***  Notwithstanding any provision of this Order, every person who receives information designated as Highly Confidential Information or Highly Confidential Code under this Order, is precluded (unless otherwise agreed to in writing) from performing development work directly or indirectly intended for commercial purposes related to methods, procedures, or devices that concern networked, online, computer conferencing systems for collaborative online conferencing or webcasting of any type, or products incorporating such methods, procedures or devices, for a period of one (1) year after the termination of this action.  This prohibition shall not preclude such persons from consulting in future litigation, so long as such consulting does not involve development work directly or indirectly intended for commercial purposes related to methods, procedures, or devices that concern networked, online, computer conferencing systems for collaborative online conferencing or webcasting of any type, or products incorporating such methods, procedures or devices.

4.      **Code**.  Any source code, register transfer language ("RTL"), hardware description language ("HDL"), executable code which has not been publicly released, or other related material (collectively "Code"), and copies thereof, produced in this matter shall be and is designated as "HIGHLY CONFIDENTIAL CODE."  No electronic copies of Code may be made, except by the producing party.  Under no circumstances shall Code be compiled into executable code by a receiving party.  Only those individuals authorized and identified in Paragraph 3A-H shall be allowed to access Code or copies of Code and the prohibitions to access to Highly Confidential Information and Highly Confidential Code outlined in Paragraphs 3I and 3J are specifically incorporated by reference into this paragraph and into Paragraphs 5 and 6.

5.      **Treatment Of Code.**  Information, documents and things designated under Paragraph 4 as Highly Confidential Code shall be subject to all the restrictions of Highly Confidential Information and shall be subject to the following additional restrictions and provisions:

A.      *Source Code Server*.  The producing party shall make its Code available through a dedicated server with security software.  All Code other than executable code will be presented in a readable format where the readable form does not change the content of the Code.  The law firm of the receiving party shall be provided with UserIds and passwords sufficient to permit simultaneous inspection of the Code from two remote computers.  Such inspection may only take place at the offices of outside counsel of record of the receiving party, the office of experts or consultants approved under this Order, or at an alternate location agreed upon by the parties to this litigation.  Neither the producing party, nor its outside counsel, will track or make any attempt to track which portions of the Code are accessed, reviewed, or analyzed by outside counsel or by experts approved under this Order.  When a computer at the office of an expert or consultant approved under this protective order is being used to access Code and the computer is unattended, the computer shall be contained in a locked room, password protected and, in this situation, the computer screen shall not display Code.  The producing party agrees to install source code viewing and analysis software consisting of TextPad (or an

equivalent), Visual Studio and SlickEdit on the dedicated server.

> B.      *Executable Code*.  For executable code that has not been publicly released, the producing party shall either (at the receiving party's election) provide the executable code to an escrow service selected by the receiving party or otherwise permit inspection of the code by the receiving party, its outside counsel or experts or consultants approved under this Order.

6.      **Technical Support For Review Of Code**.  Although the receiving party will be able to conduct its review of the producing party's Code at any time using the dedicated server, the producing party only has an obligation to provide technical and other necessary support to the requesting party during normal business hours (9:00 a.m. to 5:00 p.m. Pacific time, Monday-Friday, excluding holidays) unless otherwise agreed.

> A.      *Paper Copies of Code*.  At the request of the receiving party, the producing party shall provide paper copies of reasonable portions of the Code identified by the receiving party.  The receiving party is strictly prohibited from printing or copying any of the producing party's Code from the secure server.  The producing party shall provide the requested copies (paper and text files) in line-numbered format similar to how the Code appeared on the screen during the inspection and with the file directory path appearing on each page.  The producing party shall provide such copies to the receiving party on the same day or within five (5) business days of the receiving party's request, unless otherwise agreed.  The producing party shall mark such copies clearly and prominently as "HIGHLY CONFIDENTIAL CODE" and affix individual production numbers.

> B.      All copies of Code shall be maintained in the custody and control of the receiving party's outside counsel of record or experts or consultants approved under this Order. When not in use, paper copies of Code must be stored in a secure manner at the offices of counsel of record or at the office of an expert or consultant approved under this Order in a locked drawer or a locked room.  Copies of Code may not be converted into electronic format (including for emailing).  Copies of Code may not themselves be copied, except

that paper copies of Code may be copied and used as exhibits for depositions, expert reports, motions, or trial, provided that such copies are stored in a secure manner at the offices of outside counsel of record or at the office of an expert or consultant approved under this Order in a locked drawer or a locked room.  Any copies of Code filed with the Court shall be filed under seal.

C.      The receiving party may take written notes of portions of the Code and other such notes as may be reasonably necessary to facilitate inspection of the Code, except that the receiving party shall not make verbatim copies of any Code.  Any such notes shall be treated the same way as Code, including being marked Highly Confidential Code and being stored in a secure manner at the offices of counsel of record or at the office of an expert or consultant approved under this Order in a locked drawer or a locked room.

D.      The receiving party may request that the producing party's Code be made available at the deposition of any person authorized to review the Code under Paragraph 3A-G, or the deposition of the producing party, its employees, consultants or experts, by giving the producing party at least three (3) business days notice of the request before the deposition.  The producing party will then make a computer containing its Code available in searchable format at the deposition.

7.      **Improper Disclosure Of Highly Confidential Information**.  If Highly Confidential Information is disclosed to anyone other than in a manner authorized by this Order, by inadvertence or otherwise, the party responsible for such disclosure must (1) immediately notify the producing party in writing of the improper disclosure; (2) use its best efforts to retrieve all copies of the Highly Confidential Information; (3) inform the person or persons to whom improper disclosure was made of the terms of this Order; and (4) request that such person execute an undertaking in the form of Exhibit A, signed by that person.

8.      **Producing Party's Information**.  Nothing herein shall impose any restriction on the use or disclosure by a producing party of its own Highly Confidential Information, Highly Confidential Code, discovery materials or other information.

9.      **Publically Disclosed Or Available Information**.  Highly Confidential Information shall not include any information which has been or becomes part of the public domain by publication or otherwise and not due to any unauthorized act or omission.  Notwithstanding those provisions herein governing an inadvertent failure to properly designate, Highly Confidential Information shall not include any materials that are not designated HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL CODE.

10.     **Use Of Highly Confidential Information At Depositions Or Meetings**.  To the extent that Highly Confidential Information is used, discussed, quoted, or referred to in any depositions or meetings, the party using, discussing, quoting or referring to such information shall ensure that only those persons permitted to have access to such Highly Confidential Information in accordance with Paragraph 3A-G of this Order are present at the time of the disclosure.  The transcript of any depositions or meetings shall remain subject to the provisions of this Order. The use of any such Highly Confidential Information for the purpose of any hearing or trial which is open to the public is not addressed at this time, but will be the subject of future agreements or orders as the need may arise.  If any party desires to maintain the confidentiality of any document or information in a Court hearing or at trial, it shall be the obligation of such party to raise the issue with the Court.

11.     **Challenging Designations**.

      A.     *Timing of Challenges*. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      B.     *Meet and Confer*.  The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C.    *Judicial Intervention*.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7.1 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

12

at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall he on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

12.     **Failure To Designate Confidential Treatment**.  The inadvertent or unintentional production of information that is not designated HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL CODE but that, nevertheless, contains Highly Confidential Information or Highly Confidential Code shall not be deemed a waiver in whole or in part of a claim for Confidential Treatment.  The party failing to properly designate information containing Highly Confidential Information or Highly Confidential Code shall have thirty (30) business days from the discovery of such inadvertent disclosure to notify the receiving party of the error and to provide the receiving party with the properly designated information.  Upon receipt of the properly designated information, the receiving party shall either (1) immediately obtain and destroy all copies of the inadvertently produced information, including any such information disclosed to third parties; or (2) notify the producing party in writing within one (1) business day that the receiving party intends to challenge the designation of the information as Highly Confidential Information or Highly Confidential Code.

A.     *Challenges*.  In the event the receiving party challenges the designation of

13

previously undesignated information, the receiving party shall treat the information as Highly Confidential Information or Highly Confidential Code until the challenge is resolved in accordance with Paragraph 11. If the receiving party has provided the undesignated information to a third party, the receiving party shall immediately notify the producing party and the receiving party shall retrieve the information from the third party if the third party is not an individual entitled to receive Highly Confidential Information or Highly Confidential Code in accordance with Paragraphs 3A-G. If the third party who received the undesignated information is an individual entitled to receive Highly Confidential Information or Highly Confidential Code in accordance with Paragraph 3A-G, such individual shall treat the information as Highly Confidential Information or Highly Confidential Code until the challenge is resolved in accordance with Paragraph 11.

B.      *Discovery By Receiving Party*. If the receiving party, without notice from the producing party, determines that information has been produced that is not designated HIGHLY CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER or HIGHLY CONFIDENTIAL CODE but that, nevertheless, contains Highly Confidential Information or Highly Confidential Code shall immediately contact the producing party and advise of the failure to designate. The receiving party may then proceed in accordance with the terms of this paragraph.

13.    **Inadvertent Disclosure Of Privileged Information**. Inadvertent production of information shall be handled as follows, but this is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

A.      *Notice By Producing Party*. Pursuant to Federal Rules of Civil Procedure 26(b)(5), immediately upon receiving notice from the producing party that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. The receiving party shall

14

return or destroy the documents or materials and all copies within three (3) business days from receiving notice;

B.      ***Discovery By Receiving Party***.  If the receiving party, without notice from the producing party, determines that information subject to the attorney-client privilege or work-product immunity has been inadvertently produced, the receiving party shall immediately contact the producing party and advise them of the inadvertent disclosure. Pursuant to Federal Rules of Civil Procedure 26(b)(5), the receiving party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance.  In addition, the receiving party shall return or destroy the documents or materials and all copies within three (3) business days from discovery of the inadvertent disclosure;

C.      ***Challenges***.  If the receiving party believes that it has a good-faith basis for challenging the privilege claim, the receiving party shall provide the producing party with a written explanation of the good-faith basis for the belief that the inadvertently produced documents or materials are not privileged within three (3) business days of the producing party's request for return.  The producing party shall respond in writing to the receiving party's timely challenge to the privilege or immunity claim within five (5) business days from receipt of the challenge;

D.      ***Motion To Compel***.  In the event the parties cannot agree as to the privilege or immunity status of the inadvertently produced documents or materials, the receiving party shall have five (5) business days from receipt of the producing party's written response to the privilege challenge to file a motion (in accordance with any applicable standing orders or local rules) seeking an order compelling production of the inadvertently produced documents or materials.  The receiving party shall not use the substantive content of the inadvertently produced documents or materials to challenge their status as privileged or immune, but may submit the document under confidential seal for the Court's review.  In the event that a motion is made, the producing party shall

have the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery.

E.      *No Waiver - Order*.  Inadvertent disclosure of information subject to the attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s).  Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court hereby orders that the attorney-client privilege or work product protection is not waived by disclosure connected with the above-referenced matter and any such disclosure is also not waived in any other Federal or State proceeding.

14.      **Filings Under Seal**.  Any pleading, paper or other document filed in this matter that contains or discloses Highly Confidential Information shall be lodged with the Court in accordance with the Court's standing orders, local rules and clerk's instructions of the United States District Court for the Southern District of Florida.  When filing pleadings which contain Highly Confidential Information, the party so filing shall designate the following on the first page of filed documents:  "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS HIGHLY CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL CODE – OUTSIDE ATTORNEYS' EYES ONLY."

15.      **Third Party Information**.  Information produced by third parties may be designated by them as "HIGHLY CONFIDENTIAL INFORMATION – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" pursuant to the terms of this Order and, when so designated, shall be treated by the parties in conformance with this Order.  *Exception:*  Unless the parties and the third party agree otherwise in writing, the restrictions in this Order on the ability of individuals who have access to Highly Confidential Information or Highly Confidential Code to prosecute patents shall not apply to such third party information.

16.      **Termination Of Litigation**.  After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to information that becomes a matter of public record.  The Court shall have continuing jurisdiction over the parties and recipients of

Highly Confidential Information and Highly Confidential Code for enforcement of the provisions of this Order following termination of this litigation.

17.    **Destruction Of Highly Confidential Information And Highly Confidential Code**. Within sixty (60) days of termination of this action by dismissal, judgment, or settlement, counsel for the party receiving Highly Confidential Information or Highly Confidential Code shall return all such information to the producing party or certify that such information has been destroyed.  Outside counsel of record may retain one (1) set of all depositions and deposition exhibits, and one (1) set of all papers filed with the Court or served on opposing counsel.  The receiving party of Highly Confidential Information may retain their attorney work product which refers or relates to Highly Confidential Information.  Attorney work product may be used in subsequent litigation provided that such use does not disclose Highly Confidential Information in violation of this Order.

18.    **Successors And Assigns**.  This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DONE AND ORDERED this 18th day of July, 2012.

_Andrea M. Simonton_
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

17

<u>EXHIBIT A</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  11-cv-62484-SEITZ/SIMONTON**

PRAGMATUS AV, LLC,

      Plaintiff,

vs.

CITRIX SYSTEMS, INC.,

      Defendant.

_____/

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

      I, _____, being duly sworn, state that:

     1.  My home address is _____.

     2.  My present employer is _____ and my present work address is _____.

     3.  My present title, occupation or job description is _____.

     4.  A copy of my *curriculum vitae* is attached hereto.

     5.  I have read and understand the provisions of the Protective Order entered in this action, and I will comply with the provisions of this Protective Order.  I consent to be subject to the jurisdiction of this Court for enforcement of this Protective Order.

     6.  I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Information or Highly Confidential Code, or any summaries, abstracts, or indices of any Confidential Information or Highly Confidential Code, that is disclosed to me or that I prepare.

     7.  Upon conclusion of the above-captioned action, including appeal, I will return all Confidential Information or Highly Confidential Code, and any summaries, abstracts, indices or documents and materials that I received or prepared relating thereto in my possession to counsel for the party for whom I was employed, retained or acted as a witness.

     I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____          By:_____