UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-62484-CIV-SEITZ/SIMONTON

PRAGMATUS AV, LLC,

    Plaintiff,

vs.

CITRIX SYSTEMS, INC.,

    Defendant.
_____/

**ORDER REGARDING ELECTRONICALLY STORED INFORMATION**

Based upon the Parties' Joint Notice (DE # 50), and a review of the record, the Court ORDERS as follows:

    1.    This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

    2.    This Order may be modified by stipulation of the parties for good cause. If the parties cannot resolve any disagreements regarding any modifications, the parties shall submit their competing proposals and a summary of their dispute pursuant to all applicable rules or standing orders.

    3.    Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

    4.    A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

    5.    General ESI production requests under Federal Rules of Civil Procedure

34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

      6.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

      7.     Email production requests shall only be propounded for specific issues, rather than general discovery of a product or business.

      8.     Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case. The exception to paragraph 8 is that Citrix will produce emails related to its knowledge and/or notice of the patents-in-suit or related patents, if any such emails exist after a reasonable search, by August 14, 2012, so that Pragmatus may review these materials in advance of the September 14, 2012, deadline to amend the pleadings.

      9.     The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

      10.    Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to

this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a reasonable set of search terms per custodian per party to be agreed upon by the parties prior to any searching being conducted. The parties may jointly agree to additional search terms without the Court's leave. The Court shall consider contested requests for additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

15. In the event that production of an ESI document would be impracticable, the producing party shall have the option of producing such document in native format. In all other instances, after initial production of ESI, a party must demonstrate a particularized need for production of that ESI in its native format. In the event that a receiving party requests production of native format ESI, the producing party and the receiving party shall negotiate in good faith about the timing, cost and method of such production. However, nothing in this Paragraph, except pursuant to 16, is to be read as requiring any producing party, absent agreement or court order, to produce ESI in native format. No document produced in native format shall be intentionally manipulated to change the appearance or substance of the document prior to its collection.

16. Notwithstanding Paragraph 15, to the extent a producing party produces video, animation, audio files or Excel files such documents shall be produced in their native format.

17. To the extent identical copies of an ESI document (*i.e.*, documents with identical hash values) appear in responsive documents, the producing party need only produce one such identical copy for that source.

DONE AND ORDERED this  18th  day of July, 2012.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE